■ GERALD D. GILLMAN et al., Appellants, v PEBBLE COVE HOME OWNERS ASSOCIATION, INC., Respondent.—In an action, *inter alia*, for an injunction prohibiting the defendant from enforcing a rule restricting parking on the private streets of a townhouse development, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Lockman, J.), dated July 25, 1988, which denied their motion for a preliminary injunction and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs Myra and Gerald Gillman are residents of a 48-unit townhouse development in Atlantic Beach, New York, known as "Pebble Cove". The defendant Pebble Cove Home Owners Association, Inc. is a not-for-profit corporation composed of all townhouse unit purchasers, which owns and is responsible for maintenance and operation of the development's common properties. Although parking was permitted on the development's private streets when the Gillmans purchased their townhouse in 1985, on or about April 15, 1986, the defendant's board of directors notified residents that parking would henceforth be permitted only in their garages or on their driveways. The plaintiffs refused to comply with this rule, and on November 17, 1987, the board of directors adopted a second rule further imposing a $25 fine for each parking violation. The plaintiffs subsequently commenced this action seeking, *inter alia*, a preliminary injunction prohibiting the defendant from enforcing its parking regulations, and the defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the cross motion for summary judgment upon the grounds that the defendant was under no obligation to provide parking in the common areas of the development. We affirm.

Pursuant to the bylaws of the defendant corporation, the board of directors has broad authority to enact reasonable rules and regulations governing the use of the development's property. In reviewing the reasonableness of the board's exercise of its rule-making authority, "absent claims of fraud, self-dealing, unconscionability or other misconduct, the court

should apply the business judgment rule and should limit its inquiry to whether the action was authorized and whether it was taken in good faith and in furtherance, of the legitimate interests" of the corporation *(Schoninger v Yardarm Beach Homeowners' Assn.,* 134 AD2d 1, 10; *see,* Not-For-Profit Corporation Law § 717 [a]; *see also, Board of Managers v Lent,* 148 AD2d 408). Contrary to the plaintiffs' contentions, there is no evidence in the record to support the conclusion that the parking regulations are unreasonable or that they were enacted by the board of directors in bad faith.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Accordingly, summary judgment was properly granted. Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur.