■ Hidden Ridge At Kutsher's Country Club Homeowner's Association, Inc., Respondent, v Jack Chasin, Appellant. [734 NYS2d 292] —Mugglin, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered July 12, 2000 in Sullivan County, upon a decision of the court in favor of plaintiff.

In 1997, defendant purchased a condominium unit in a complex known as Hidden Ridge, located at Kutsher's Country Club in the Town of Thompson, Sullivan County. Plaintiff is a not-for-profit corporation created for the purpose of maintaining and administering the common property and, *inter alia*, administering and enforcing the covenants and restrictions

established in the developer's Declaration of Covenants, Restrictions, Easements, Charges and Liens made in April 1985 (hereinafter the Declaration). By purchasing condominium unit 92, defendant mandatorily became a member of plaintiff, subject to all of the aforesaid covenants and restrictions. Plaintiff owns all of the "common lands" surrounding each condominium unit to which the restrictions apply.

In early 1998, defendant submitted to plaintiff's Board of Directors a plan to construct a 12-foot by 16-foot wooden deck. Although this initial plan was rejected by the Board, on July 2, 1998, the Board, in writing, authorized defendant to construct a 10-foot by 12-foot removable wooden platform as a patio upon the condition that he obtain the written consent of his three nearest neighbors. Thereafter, on July 6, 1998, defendant began construction of a patio consisting of concrete blocks on a sand base measuring 10 feet by 20 feet. On July 7, 1998, defendant received written instructions from the Board to cease construction until the matter could be reviewed by it. Plaintiff immediately commenced this action seeking a permanent injunction and, when an application by plaintiff for a preliminary injunction was denied, defendant completed the patio.

Following a two-day nonjury trial, Supreme Court granted plaintiff's application for a permanent injunction and ordered defendant to remove the patio and return the ground to its original condition within 30 days. Defendant appealed, and Supreme Court granted an order staying execution of its judgment pending appeal.

We affirm. Article VII of the Declaration provides, *inter alia*, as follows: "No building, fence, wall or other structure, or change or alteration to the exterior of the Homes shall be commenced, erected or maintained upon The Properties, nor shall any exterior addition to or change or alteration thereto be made until the plans and specification * * * shall have been submitted to and approved in writing as to harmony of external design and topography by the Board." Defendant's principal argument on appeal is that the Declaration is a restrictive covenant and plaintiff is not entitled to enforce it absent clear and convincing evidence; and, since Supreme Court employed a preponderance of the evidence standard, reversible error occurred. We reject this argument.

Defendant has fee ownership only to the condominium unit and the land on which it sits. The property, commencing at his exterior walls, is common property in which all the respective condominium owners have an undivided interest (*see, Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1, 6).

Administration of the common property is vested in plaintiff and governed by the Declaration. Therefore, to the extent that defendant relies on those cases where enforcement of restrictive covenants on property of another is sought, defendant's reliance is misplaced (*see, e.g., Huggins v Castle Estates*, 36 NY2d 427). Defendant's application for a waiver of the restriction and the Board's approval of a 10-foot by 12-foot wooden deck constitutes a license, which defendant breached by constructing a 10-foot by 20-foot concrete block patio. Plaintiff's action is to prove this breach and remedy it by way of injunctive relief which need only be established by a preponderance of the evidence. Moreover, plaintiff's proof of defendant's breach satisfies any evidentiary standard. Also, defendant's present claim that the Declaration is ambiguous because it does not refer specifically to decks or patios is belied both by the clear language of the Declaration and his compliance with it when he sought permission from plaintiff's Board to construct his deck.

To the extent that defendant challenges the decision of the Board, either with respect to the approval of a 10-foot by 12-foot wooden platform or its decision to seek judicial redress for defendant's breach of his contractual obligations, defendant was obligated to establish that the Board was not acting within the scope of the purposes of the association, nor within the scope of its authority and not in good faith (*see, Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 538). Our review of the record reveals that defendant failed to establish these elements and, thus, the propriety of those decisions of the Board is not subject to judicial review (*see, id.*, at 538; *Board of Mgrs. v Islar*, 176 Misc 2d 214, 215).

Defendant's other argument is that Supreme Court erred in issuing the permanent injunction because plaintiff failed to establish that the equities fell in its favor. We are unpersuaded. Defendant, having received written approval for a specific deck structure, completely ignored the approval and constructed a larger patio from sand and concrete. Moreover, defendant ignored the Board when it ordered him to cease construction pending review. Plaintiff's Board has an obligation "to promote the health, happiness, and peace of mind of the majority of the unit owners" (*Hidden Harbour Estates v Norman*, 309 So 2d 180, 182 [Fla]). Under these circumstances, plaintiff clearly established that the equities involved in this dispute resolve in its favor.

Cardona, P. J., Mercure, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.