■ JACK MARTINO, Appellant, v BOARD OF MANAGERS OF HERON POINTE ON THE BEACH CONDOMINIUM et al., Respondents. [774 NYS2d 422]—

In an action, inter alia, to recover damages for breach of contract, for a declaratory judgment, and for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated December 19, 2002, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that there is no bylaw prohibiting street parking in Heron Pointe on the Beach Condominium.

The business judgment rule applies to the challenged actions taken by the defendant Board of Managers of Heron Pointe on the Beach Condominium (hereinafter the Board) (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530 [1990]). The adoption and enforcement of parking restrictions was a matter within the Board's authority and the plaintiff failed to establish any bad faith, fraud, self-dealing, or other misconduct by the Board. Thus, judicial review of the reasonableness of its actions is foreclosed (*see Nuzzo v Board of Mgrs. of Jefferson Vil. Condominium No. 1*, 228 AD2d 568 [1996]; *see also Gillman v Pebble Cove Home Owners Assn.*, 154 AD2d 508 [1989]; *Matter of Levandusky v One Fifth Ave. Apt. Corp., supra*).

Since this is an action, inter alia, for a declaratory judgment, the Supreme Court should have directed entry of a judgment, inter alia, declaring that there is no bylaw prohibiting street parking in Heron Pointe on the Beach Condominium (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., Schmidt, Mastro and Rivera, JJ., concur.