CHRISTINE M. ANTONUCCI, Respondent, v JORDAN STONE, Appellant, et al., Defendants. [787 NYS2d 545]—

Appeal from an order of the Supreme Court, Erie County (David J. Mahoney, J.), entered January 9, 2004. The order denied the motion of defendant Jordan Stone for summary judgment dismissing the complaint against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint against defendant Jordan Stone is dismissed.

Memorandum: Jordan Stone (defendant) appeals from an order that denied his motion for summary judgment dismissing the complaint against him. Plaintiff commenced this action to recover damages for injuries she allegedly sustained when she fell from the balcony of a condominium that she leased from defendant. The balcony railing had been detached to permit certain repairs to be performed on the exterior brick wall to which it was attached, and plaintiff alleged that it gave way, causing her to fall.

Under the circumstances of this case, defendant had no ownership interest in the exterior walls of his condominium unit. "Defendant has fee ownership only to the condominium unit and the land on which it sits. The property, commencing at his exterior walls, is common property in which all the respective condominium owners have an undivided interest" (*Hidden Ridge at Kutsher's Country Club Homeowner's Assn. v Chasin*, 289 AD2d 652, 653 [2001] [citation omitted]). Because defendant had no ability or duty to maintain the exterior walls, he cannot be held liable for defects arising from negligence in performing those activities.

After defendant met his initial burden on the motion for sum-

mary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), plaintiff failed to come forward with admissible evidence sufficient to raise a material issue of fact regarding defendant's duty to perform maintenance on the exterior walls, and Supreme Court thus erred in denying defendant's motion for summary judgment. We therefore reverse the order, grant the motion, and dismiss the complaint against defendant. Present—Green, J.P., Pine, Hurlbutt, Martoche and Smith, JJ.