■ PATRICK M. LoRUSSO et al., Respondents, v BROOKSIDE HOMEOWNER'S ASSOCIATION, INC., et al., Appellants. [793 NYS2d 96]—

In an action, inter alia, for a judgment declaring that the de-

fendant Brookside Homeowner's Association, Inc., failed to comply with a declaration of easements, covenants, and restrictions dated July 30, 1981, with regard to the maintenance of certain ponds located in the subject subdivision, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered September 26, 2003, as denied that branch of their motion which was for summary judgment with respect to the defendant Brookside Homeowner's Association, Inc.

Ordered that the appeals of the defendants George Russell, John Mandy, Carol Kenny, Jack Butler, and Eskander Arjomand are dismissed, as those defendants are not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Brookside Homeowner's Association, Inc., is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the defendant Brookside Homeowner's Association, Inc., has complied with the terms of the declaration of easements, covenants, and restrictions dated July 30, 1981, with regard to the maintenance of certain ponds located in the subdivision; and it is further,

Ordered that one bill of costs is awarded to the defendant Brookside Homeowner's Association, Inc.

The plaintiffs are owners of property located in a residential subdivision in Westchester County. The defendant Brookside Homeowner's Association, Inc. (hereinafter the Homeowner's Association), is a not-for-profit corporation and is the homeowners association for the residential subdivision. The plaintiffs commenced this action, inter alia, for a judgment declaring that the Homeowner's Association failed to comply with a declaration of easements, covenants, and restrictions dated July 30, 1981 (hereinafter the declaration), which required the Homeowner's Association, among other things, to maintain certain ponds located in the subject subdivision. The defendants moved for summary judgment. Insofar as is relevant to this appeal, the Supreme Court denied that branch of the defendants' motion which was for summary judgment with respect to the Homeowner's Association. We reverse.

In reviewing the reasonableness of the Homeowner's Association's exercise of its rule-making authority, "absent claims of fraud, self-dealing, unconscionability or other misconduct, the court should apply the business judgment rule and should

limit its inquiry to whether the action was authorized and whether it was taken in good faith and in furtherance of the legitimate interests" of the Homeowner's Association (*Gillman v Pebble Cove Home Owners Assn.*, 154 AD2d 508, 508-509 [1989], quoting *Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1, 10 [1987]). In support of the motion for summary judgment, the Homeowner's Association made a prima facie showing that the decisions made by its board of directors (hereinafter the board), were made in good faith and in furtherance of the legitimate interests of the Homeowner's Association (*see Schoninger v Yardarm Beach Homeowners Assn.*, 134 AD2d 1, 10 [1987]). In opposition, the plaintiffs failed to raise a triable issue of fact regarding the reasonableness of the board's exercise of authority (*see Forest Hills Gardens Corp. v Evan*, 12 AD3d 563 [2004]). Thus, the Supreme Court erred in denying that branch of the motion which was for summary judgment with respect to the Homeowner's Association.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the Homeowner's Association has complied with the terms of the declaration with regard to the maintenance of the ponds located in the subject subdivision (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied*, 371 US 901 [1962]). Schmidt, J.P., Krausman, Rivera and Fisher, JJ., concur.