■ CAPTAIN's WALK HOMEOWNERS ASSOCIATION, Respondent, v LOIS PENNEY, Appellant, and ROBERT BUTTA et al., Respondents. [794 NYS2d 82]—

In an action, inter alia, to compel the defendant, Lois Penney, as executrix of the estate of Mary Czeczil, to restore the original color of a walkway that Mary Czeczil painted, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated October 25, 2003, as (1) granted that branch of the plaintiff's motion which was for summary judgment on the first and second causes of action for an injunction, (2) partially granted that branch of the plaintiff's motion which was for summary judgment on the third cause of action for an award of an attorney's fee, (3) granted that branch of the plaintiff's motion which was for summary judgment dismissing her first counterclaim, and (4) granted the motion of the counterclaim-defendants on the second counterclaim for summary judgment dismissing that counterclaim.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff homeowners association commenced this action, inter alia, to compel the defendant's decedent to restore the original color of a walkway on her property after she painted it pink without the approval of the Board of Directors (hereinafter the Board), which was required by the association's architectural guidelines.

In reviewing the actions of the Association and the Board, "absent claims of fraud, self-dealing, unconscionability or other misconduct, a court should apply the business judgment rule and should limit its inquiry to whether the action was authorized and whether it was taken in good faith and in furtherance of the legitimate interests of the corporation" (see *Gillman v Pebble Cove Home Owners Assn.*, 154 AD2d 508 [1989] [internal quotation marks omitted]; see *Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530 [1990]). The Board acted within the scope of its authority when it demanded that the defendant restore the original color of the walkway, and the defendant failed to produce evidence, other than wholly conclusory allegations, that the association's architectural guidelines were selectively enforced against her (see *W.O.R.C. Realty Corp. v Carr*, 207 AD2d 781 [1994]).

The defendant's remaining contentions are without merit. Florio, J.P., Krausman, Luciano and Fisher, JJ., concur. [*See* 2003 NY Slip Op 51383(U).]