WALDEN WOODS HOMEOWNERS' ASSOCIATION, Respondent, v DAVID FRIEDMAN, Appellant. [828 NYS2d 188]—

In an action, inter alia, for a permanent injunction, the defendant appeals (1) from an order of the Supreme Court, Westchester County (Barone, J.), dated November 16, 2005, which granted the plaintiff's motion for summary judgment on the cause of action for a permanent injunction, and (2), as limited by his brief, from so much of an order of the same court also dated November 16, 2005, as denied those branches of his motion which were for summary judgment dismissing the complaint and for summary judgment on his counterclaim.

Ordered that the order granting the plaintiff's motion for summary judgment on the cause of action for a permanent injunction is affirmed; and it is further,

Ordered that the order denying those branches of the

defendant's motion which were for summary judgment dismissing the complaint and for summary judgment on his counterclaim is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff, Walden Woods Homeowners' Association, rescinded its prior approval of the defendant's construction of a storage shed. Contrary to the defendant's contention, the plaintiff's determination is subject to review under the business judgment rule (see Matter of Renauto v Board of Directors of Valimar Homeowners Assn., Inc., 23 AD3d 564 [2005]). The record demonstrates that the determination was authorized, made in good faith, and in furtherance of the plaintiff's legitimate interests (see 40 W. 67th St. v Pullman, 100 NY2d 147 [2003]; Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530 [1990]; Hidden Ridge At Kutsher's Country Club Homeowner's Assn. v Chasin, 289 AD2d 652 [2001]). In opposition to the plaintiff's establishment of its entitlement to summary judgment, the defendant failed to raise a triable issue of fact with respect to fraud, self-dealing, or other misconduct by the plaintiff which would trigger further judicial inquiry (see 40 W. 67th St. v Pullman, supra; Martino v Board of Mgrs. of Heron Pointe on Beach Condominium, 6 AD3d 505 [2004]). Accordingly, summary judgment was properly granted to the plaintiff on the cause of action for a permanent injunction.

Moreover, the Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the complaint and for summary judgment on his counterclaim. As the proponent of the motion for summary judgment, the defendant was required to make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact from the case. His failure to do so required denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Schmidt, J.P., Santucci, Lifson and Covello, JJ., concur.