(September 30, 2008)

■ LISA AGUILERA DEL PUERTO et al., Appellants, v PORT ROYAL OWNER'S CORP. et al., Respondents, et al., Defendant. [865 NYS2d 258]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lewis, J.), entered January 9, 2007, which denied their motion for summary judgment on their second cause of action and granted the respective cross motions of the defendants, except the defendant Jean-Pierre Kerr, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

This action stems from the plaintiffs' failed attempt to purchase an additional unit in a cooperative residential property located in Montauk. After their purchase application was rejected, the plaintiffs commenced this action against, among others, the cooperative board and the individual board members (hereinafter collectively the Board Defendants).

The Supreme Court correctly determined, as a matter of law, that the Board Defendants' decision to reject the plaintiffs' purchase application was protected by the business judgment rule (*see 40 W. 67th St. v Pullman,* 100 NY2d 147 [2003]; *Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530 [1990]; *Walden Woods Homeowners' Assn. v Friedman,* 36 AD3d 691

[2007]; *Captain's Walk Homeowners Assn. v Penney,* 17 AD3d 617 [2005]; *Hochman v 35 Park W. Corp.,* 293 AD2d 650 [2002]). In opposition to the Board Defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact by submitting evidence in admissible form that the Board Defendants "acted (1) outside the scope of [their] authority, (2) in a way that did not legitimately further the corporate purpose or (3) in bad faith" (*40 W. 67th St. v Pullman,* 100 NY2d at 155; *see Walden Woods Homeowners' Assn. v Friedman,* 36 AD3d at 692; *Martino v Board of Mgrs. of Heron Pointe on Beach Condominium,* 6 AD3d 505 [2004]).

The plaintiffs' remaining contentions are without merit. Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur. [*See* 14 Misc 3d 1214(A), 2007 NY Slip Op 50029(U).]