MARTIN LEVINE, Appellant, v RICHARD J. GREENE et al., Respondents. [871 NYS2d 187]—

The plaintiff is the president of the Board of Managers of Harbor View at Port Washington Condominium (hereinafter the Condominium). The apartment owners within the Condominium are class B members of the defendant Harbor View at Port Washington Home Owners Association, Inc. (hereinafter the Association). The plaintiff commenced this action, inter alia, for a judgment declaring that the 2006 budget passed by the Association's board of directors (hereinafter the Board) is invalid. The Association owns all of the common elements within the Harbor View community. The defendants, consisting of the Association and the member of the Board who voted in favor of the budget, moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. Upon renewal and reargument, the Supreme Court adhered to its original determination.

In reviewing the reasonableness of the Association's exercise of its authority, "absent claims of fraud, self-dealing, unconscionability, or other misconduct, the court should apply the business judgment rule and should limit its inquiry to whether the action was authorized and whether it was taken in good faith and in furtherance of the legitimate interests of the corporation" (*Gillman v Pebble Cove Home Owners Assn.,* 154 AD2d 508, 508-509 [1989] [internal quotation marks omitted]; *see Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530 [1990]; *Captain's Walk Homeowners Assn. v Penney,* 17 AD3d 617, 618 [2005]). In support of their motion for summary judgment, the defendants made a prima facie showing that the Board's adoption of the 2006 budget was authorized, made in good faith, and in furtherance of the Association's legitimate interests (*see 40 W. 67th St. v Pullman,* 100 NY2d 147 [2003]; *Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530 [1990]; *Captain's Walk Homeowners Assn. v Penney,* 17 AD3d at 618; *LoRusso v Brookside Homeowner's Assn., Inc.,* 17 AD3d 323 [2005]; *Schoninger v Yardarm Beach Homeowners' Assn.,*

134 AD2d 1, 10 [1987]). In opposition, the plaintiff failed to raise a triable issue of fact regarding the reasonableness of the Board's exercise of authority, or his claims of fraud, self-dealing, or other misconduct by the individual defendants which would trigger further judicial inquiry (*see 40 W. 67th St. v Pullman,* 100 NY2d 147 [2003]; *Walden Woods Homeowners' Assn. v Friedman,* 36 AD3d 691 [2007]; *Martino v Board of Mgrs. of Heron Pointe on Beach Condominium,* 6 AD3d 505 [2004]). Accordingly, summary judgment was properly granted to the defendants. Moreover, upon renewal and reargument, the Supreme Court properly adhered to its original determination.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the 2006 budget passed by the Board is valid (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Fisher, J.P., Angiolillo, Dickerson and Belen, JJ., concur.