■ MEADOW LANE EQUITIES CORP., Respondent, v JOEY HILL et al., Appellants. FIRST NEW YORK PARTNERS, Nonparty Respondent. [879 NYS2d 725]—In an action, inter alia, for a permanent injunction, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered June 11, 2008, as denied their motion, inter alia, to direct nonparty First New York Partners to preserve certain evidence contained on electronic databases and to permit the examination thereof.

In an action, inter alia, for a permanent injunction, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered September 9, 2008, as granted that branch of the

plaintiff's motion which was, in effect, for summary judgment on the cause of action for a permanent injunction.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff is a residential cooperative corporation. The defendants are shareholders in the plaintiff corporation and tenants with respect to Unit 71 of the building (hereinafter the unit). The defendants' proprietary lease with the plaintiff required its written consent for certain alterations they wished to make in their unit. After the defendants agreed to eliminate certain of the requested alterations, they received permission to make certain other alterations. Thereafter, the defendants made not only the permitted alterations, but also, some they had agreed not to make, as well as certain others for which permission was never requested.

When the defendants refused the plaintiff's demand to remove the unauthorized alterations and to restore the affected areas to their original condition, the plaintiff commenced this action, inter alia, to compel said removal and restoration.

The Supreme Court properly granted that branch of the plaintiff's motion which was, in effect, for summary judgment on the cause of action for a permanent injunction, because the plaintiff showed that the alterations in question were unauthorized and in violation of the defendants' prior agreement, and that the determination of its board of directors with respect to the unsanctioned alterations at issue was authorized, made in good faith, and in furtherance of the plaintiff's legitimate interests (see *Walden Woods Homeowners' Assn. v Friedman*, 36 AD3d 691, 692 [2007]; *Captain's Walk Homeowners Assn. v Penney*, 17 AD3d 617, 618 [2005]; *Hidden Ridge At Kutsher's Country Club Homeowner's Assn. v Chasin*, 289 AD2d 652, 654 [2001]). In response, the defendants failed to raise a triable issue of fact with respect to the allegations of fraud, self-dealing, or other misconduct by the board of directors which would trigger further judicial inquiry (see *40 W. 67th St. v Pullman*, 100 NY2d 147, 153 [2003]; *Walden Woods Homeowners' Assn. v Friedman*, 36 AD3d at 692).

The defendants' remaining contentions are without merit. Spolzino, J.P., Santucci, Florio and Balkin, JJ., concur. [*See* 2008 NY Slip Op 32479(U).]