OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is affirmed, without costs.
In October 2010, landlord, a residential cooperative corporation, imposed a special assessment on the proprietary lessees/shareholders to finance the completion of Local Law No. 11 (1998) of City of New York facade repairs. A number of the tenants, including those named in the instant proceeding (tenants), resisted the assessment, and landlord commenced 56 nonpayment summary proceedings, 47 of which were consolidated in the Civil Court for certain purposes, including for motion practice.* In their answer, as their second, third and fourth affirmative defenses, tenants asserted that landlord had not established the need for the assessment; that the board of directors (the Board) had fraudulently misrepresented that the assessment was for purposes of Local Law 11 facade maintenance when, in fact, the assessment was imposed to balance a budgetary shortfall for the 2010 fiscal year, an action taken without authority in the bylaws or proprietary leases; and that the Board’s actions, taken in bad faith, are not insulated by the business judgment rule. By order dated May 23, 2011, the Civil Court, among other things, granted landlord’s motion for summary judgment to the extent of dismissing tenants’ second, third and fourth affirmative defenses on the ground that the business judgment rule precluded judicial review of the Board’s actions.
The standard of review applied to the actions of a residential cooperative corporation, the common-law business judgment *29 rule, requires courts to “defer to good faith decisions made by-boards of directors in business settings” (40 W. 67th St. v Pullman, 100 NY2d 147, 153 [2003]). The rule applies “[s]o long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith” (Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538 [1990]), that is, consistent with the powers authorized by the bylaws and proprietary leases, where there is “a legitimate relationship between the Board’s action and the welfare of the cooperative” (Pullman, 100 NY2d at 156), and where there is no evidence of “bad faith, arbitrariness, favoritism, discrimination or malice on the cooperative’s part” (id. at 157). Accordingly, it must first be determined whether the cooperative’s action “was authorized, made in good faith, and in furtherance of the [cooperative’s] legitimate interests,” and then whether the tenants “raise [d] a triable issue of fact with respect to fraud, self-dealing, or other misconduct by the [cooperative] which would trigger further judicial inquiry” (Walden Woods Homeowners’ Assn. v Friedman, 36 AD3d 691, 692 [2007]; see also Oakwood On The Sound, Inc. v David, 63 AD3d 893, 894 [2009]; Levine v Greene, 57 AD3d 627, 628 [2008]; Martino v Board of Mgrs. of Heron Pointe on Beach Condominium, 6 AD3d 505, 506 [2004]; Gillman v Pebble Cove Home Owners Assn., 154 AD2d 508, 508-509 [1989]). “ ‘[C]onclusory and speculative allegations of bad faith, self-dealing, and other wrongdoing’ ” will not suffice to raise a triable issue of fact (Molander v Pepperidge Lake Homeowners Assn., 82 AD3d 1180, 1183 [2011], quoting Bay Crest Assn., Inc. v Paar, 72 AD3d 713, 714 [2010]).
In its assessment letter of October 26, 2010 to all of the shareholders, the Board reviewed the expenses associated with prior compliance with Local Law 11, the proceedings at a February 2010 shareholders meeting when the Board had announced that the completion of the new cycle of work might require an $800,000 special assessment, the Board’s subsequent consideration of mortgage financing to fund the completion of the facade work rather than imposing an assessment, and the basis for the Board’s determination to reject the proposed mortgage when its terms included raising the maintenance charges, which the special assessment was intended to avoid.
Tenants claim that certain of these representations were false because no part of the assessment charges received was spent on the facade repairs, that the basis of the Board’s rejection of the mortgage alternative was unreasonable and contrary to the *30 cooperative’s best interests, that the facade work was premature, and that the special assessment was a pretext to balance the corporation’s operating budget. However, the broad financial management authority granted to the Board in the bylaws and proprietary leases clearly includes the determinations made by the Board, and there is no claim that any part of the funds collected from the special assessment was used for any purpose other than the furtherance of the cooperative’s legitimate interests. Whatever tenants’ claims as to the wisdom of the Board’s decisions, they are clearly authorized by the bylaws and proprietary leases. Even if, as tenants claim, the assessment served only to cure a budgetary shortfall or a depletion of the cooperative’s capital reserves as a result of ongoing facade work expenses throughout 2010, the assessment represents merely an indirect financing of the facade repairs. Absent proof sufficient to establish a triable issue of fraud, self-dealing, unconscionability, or other action “taken without notice or consideration of the relevant facts” (Matter of Levandusky, 75 NY2d at 540), the Board’s decisions are insulated from judicial scrutiny by the business judgment rule. Thus, tenants failed to “overcome the presumption that the directors exercised their honest judgment to promote the lawful and legitimate interests of the corporation” (Horwitz v 1025 Fifth Ave., Inc., 7 AD3d 461, 462 [2004]).
Accordingly, the order, insofar as appealed from, is affirmed.
Pesce, PJ., Weston and Rios, JJ., concur.

 As the proceedings were not consolidated for all purposes, and as a notice of appeal was filed only in the Kosolapov proceeding, we treat the order as having been appealed only by the respondents in the Kosolapov proceeding.