*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 7, 2016                    521174
_____

In the Matter of the Estate of
    PENNY LEE SHAMBO, Deceased.

TINA POTTER, as Saratoga
    County Commissioner of
    Social Services,
                        Appellant;

MELISSA A. THOMPSON, as                    MEMORANDUM AND ORDER
    Administrator of the
    Estate of PENNY LEE SHAMBO,
    Deceased,
                        Respondent.

WELLS FARGO BANK, N.A.,
                        Respondent.

(And a Related Action.)
_____

Calendar Date:  February 11, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Stephen M. Dorsey, County Attorney, Ballston Spa (Hugh G.
Burke of counsel), for appellant.

        Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls
(Jessica H. Vinson of counsel), for Wells Fargo Bank, N.A.,
respondent.

_____

Lynch, J.

        Appeal from an order of the Surrogate's Court of Saratoga
County (Kupferman, S.), entered January 30, 2015, which, in a
proceeding pursuant to SCPA article 18, denied petitioner's
motion for summary judgment declaring the Saratoga County
Department of Social Services to be a preferred creditor pursuant
to Social Services Law § 104.

        In 1978, Penny Lee Shambo (hereinafter decedent) and her
husband, William J. Shambo (hereinafter Shambo), purchased
property in the Town of Rotterdam, Schenectady County.  In 2004,
decedent began receiving Medicaid assistance in Saratoga County.
Three years later, to secure a $50,000 loan, Shambo executed a
note, endorsed over to Wells Fargo Bank, N.A., and both Shambo
and decedent executed a mortgage on the Rotterdam property.
Shambo passed away in 2008 and letters of administration for his
estate were issued to respondent, Shambo's daughter.  Surrogate's
Court issued an order authorizing the sale of the property, but
the property was not sold.  In 2009, decedent died intestate, at
which time her Medicaid benefits were terminated.  Thereafter, in
2010, the mortgage was assigned to Wells Fargo, and, in 2012,
letters of administration for decedent's estate were granted to
respondent.

        In April 2013, petitioner moved in Surrogate's Court for an
order validating the claim of the Saratoga County Department of
Social Services (hereinafter Department) for Medicaid assistance
provided to decedent and, in May 2014, Surrogate's Court issued a
decree permitting the claim in the amount of $643,436.82.  In the
meantime, Wells Fargo commenced a foreclosure action in Supreme
Court, which was transferred to Surrogate's Court in November
2014.  By order entered January 30, 2015, Surrogate's Court
denied a motion by petitioner for summary judgment as to the
priority of the Department's claim, without articulating any
reasoning for its decision.  Petitioner appeals.

        At issue on this appeal is which claim, petitioner's (on
behalf of the Department) or Wells Fargo's has priority against
decedent's estate.  Petitioner asserts priority pursuant to
Social Services Law § 104 (1), which provides, in relevant part,

that "[i]n all claims of the public welfare official made under [such] section[,] the public welfare official shall be deemed a preferred creditor" (emphasis added). "Preferred creditor" has been construed to give a social services department priority over a "general creditor, that is, a creditor that, upon giving credit, takes no rights against specific property of a debtor" (Matter of Shannon, 25 NY3d 345, 349 [2015] [internal quotation marks, brackets and citation omitted]; see Matter of Warren, 53 NY2d 118, 122 [1981]). Here, Wells Fargo holds a mortgage lien against the Rotterdam property that was recorded prior to the May 2014 decree of Surrogate's Court validating petitioner's claim. Although Medicaid assistance was provided to decedent before the mortgage was given, petitioner did not have a prior lien against the property (see Social Services Law § 369 [2] [a]). As such, we conclude that Wells Fargo's prior specific lien gives it priority over petitioner's claim with respect to the Rotterdam property (see Matter of Pierce, 106 AD2d 892, 892 [1984], lv denied 64 NY2d 609 [1985]; Matter of Lambert, 87 AD2d 818, 818 [1982]; see also UCC 9-102 [55]; Matter of Security Trust Co. v West, 120 AD2d 84, 86 [1986], lv denied 70 NY2d 601 [1987]). Since there is no factual dispute as to the sequence of events outlined above, Surrogate's Court, upon searching the record, should have granted summary judgment confirming the priority of Wells Fargo's claim over that of petitioner (see CPLR 3212 [b]). Given our authority to search the record and grant summary judgment to a nonmoving or nonappealing party (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110, 111 [1984]; Johnson v Zelanis, 113 AD3d 899, 901-902 [2014]), we now grant such relief to Wells Fargo.

Garry, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by granting summary judgment to Wells Fargo Bank, N.A. declaring it to have a preferred claim over petitioner to certain property in decedent's estate in the Town of Rotterdam, Schenectady County, and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court