## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  July 7, 2016                    522390
_____

LOCH SHELDRAKE BEACH AND
    TENNIS INC.,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

HELEN AKULICH,
                    Respondent.
_____

Calendar Date:  May 23, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

        Drew, Davidoff & Edwards, Monticello (Alexander J. Wulwick,
New York City, of counsel), for appellant.

        Lisa Ornest, New York City, for respondent.

_____

Mulvey, J.

        Appeal from an order of the Supreme Court (LaBuda, J.),
entered October 28, 2015 in Sullivan County, which, among other
things, denied plaintiff's cross motion for, among other things,
summary judgment.

        Plaintiff is a domestic business corporation that
manages a private, seasonal bungalow community in the Town of
Fallsburg, Sullivan County.  Defendant is a shareholder of
plaintiff and an occupant of one of the bungalows pursuant to a
proprietary lease.  The lease requires plaintiff's approval prior
to any structural additions or alterations to a bungalow.
Defendant, without seeking permission from plaintiff, extended
her deck during the community's off-season.  After defendant
refused to remove the deck extension, plaintiff commenced this

action seeking a declaratory judgment that the deck extension was in violation of plaintiff's rules and regulations, a permanent injunction directing removal of the extension and counsel fees pursuant to plaintiff's proprietary lease. Defendant answered and, among other things, set forth counterclaims for discrimination, intentional infliction of emotional distress and defamation.

Following discovery, defendant moved for leave to amend her answer to add breach of fiduciary duty as an additional counterclaim and for permission to join Carol Stock, a shareholder and occupant of one of the bungalows, as a defendant on the counterclaims or, in the alternative, to join Stock as a third-party defendant. Plaintiff cross-moved for summary judgment and dismissal of defendant's counterclaims. Supreme Court granted defendant's motion to amend her answer and to serve a third-party complaint on Stock and denied plaintiff's cross motion without prejudice, concluding that a determination on such cross motion would be premature. Plaintiff appeals.

We agree with plaintiff that Supreme Court erred in granting defendant leave to amend her answer to add breach of fiduciary duty as an additional counterclaim. Leave to amend a pleading "should be freely granted in the absence of prejudice or surprise resulting from the delay except in situations where the proposed amendment is wholly devoid of merit" (Edwards & Zuck, P.C. v Cappelli Enters., Inc., 124 AD3d 181, 183 [2014] [internal quotation marks and citation omitted]; see CPLR 3025 [b]; see also Ferran v Williams, 281 AD2d 819, 820-821 [2001], lv dismissed 97 NY2d 653 [2001]; Konrad v 136 E. 64th St. Corp., 246 AD2d 324, 325 [1998]). To prevail on a breach of fiduciary duty claim, the cause of action must allege the existence of a fiduciary relationship, misconduct by the individual board members and damages directly caused by a board member's misconduct (see Parekh v Cain, 96 AD3d 812, 816 [2012]; Konrad v 136 E. 64th St. Corp., 246 AD2d at 326), and it must be pleaded with the requisite specificity under CPLR 3016 (h) (see Theaprin Pharms., Inc. v Conway, 137 AD3d 1254, 1255 [2016]). Defendant's proposed breach of fiduciary duty counterclaim states: "Plaintiff's enforcement of the cooperative by-laws is inconsistent. This malfeasance and nonfeasance includes but is

not limited to enforcement of the [bylaws]," rules governing board and shareholder meetings, and rules regarding shareholder construction projects, and that "inconsistent enforcement has led to this vindictive action against [her] and wasteful expenditures of cooperative income."  Defendant's proposed counterclaim is insufficient as a matter of law because she acknowledges that plaintiff – presumably via its board – was acting in its corporate capacity and she does not ascribe independent tortious conduct to any individual director (see Hoppe v Board of Directors of 51-78 Owners Corp., 49 AD3d 477, 477 [2008]; Kravtsov v Thwaites Terrace House Owners Corp., 267 AD2d 154, 155 [1999]).  Even assuming that she has been singled out for harmful treatment, that treatment is not per se inconsistent with the board's role in furthering its interests (see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 537-538 [1990]; Consumers Union of U.S., Inc. v State of New York, 5 NY3d 327, 360 [2005]).

Next, Supreme Court should have denied defendant's motion for leave to serve a third-party complaint on Stock.  CPLR 1007 provides that "a defendant may proceed against a person not a party who is or may be liable to that defendant for all or part of the plaintiff's claim against that defendant" (see Sunbelt Rentals, Inc. v Tempest Windows, Inc., 94 AD3d 1088, 1089 [2012]).  The precept is that "the liability sought to be imposed upon a third-party defendant must arise from or be conditioned upon the liability asserted against the third-party plaintiff in the main action" (Zurich Ins. Co. v White, 129 AD2d 388, 391 [1987] [internal quotation marks, emphasis and citation omitted]).  Here, defendant acknowledges that Stock was not a board member during the relevant time period, but attempts to hold Stock liable because Stock allegedly complained about defendant's deck extension to the local building department and to plaintiff.  This allegation wholly fails to state a basis for third-party liability against Stock arising out of the claims asserted by plaintiff against defendant (see generally Qosina Corp. v C & N Packaging, Inc., 96 AD3d 1032, 1034 [2012]; Rausch v Garland, 88 AD2d 1021, 1022 [1982]).

Turning to that part of plaintiff's cross motion seeking summary judgment, a moving party is entitled to summary judgment

where there are no triable issues of fact and where that party makes a prima facie showing that it is entitled to a favorable determination as a matter of law (see CPLR 3212 [b]; William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 [2013]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]).  The decisions and actions of a residential cooperative board are reviewed under the business judgment rule, "[s]o long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith" (Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d at 537-538; see 40 W. 67th St. v Pullman, 100 NY2d 147, 153-154 [2003]; Walden Woods Homeowners' Assn. v Friedman, 36 AD3d 691, 692 [2007]).

In order for plaintiff to succeed on its cause of action for a declaratory judgment and issuance of a permanent injunction to require defendant to remove her deck extension, plaintiff must demonstrate that the deck extension was unauthorized in violation of the parties' previous agreement, and that the action by plaintiff was authorized, made in good faith and in furtherance of its legitimate interests (see Walden Woods Homeowners' Assn. v Friedman, 36 AD3d at 692; Matter of Renauto v Board of Directors of Valimar Homeowners Assn., Inc., 23 AD3d 564, 564 [2005]; Hidden Ridge At Kutsher's Country Club Homeowner's Assn. v Chasin, 289 AD2d 652, 654 [2001]; see generally 40 W. 67th St. v Pullman, 100 NY2d at 155-157).  To that end, plaintiff submitted, among other things, its proprietary lease, which states that a shareholder "shall not, without the written consent of [plaintiff], make any structural additions to or alterations in the premises."  Additionally submitted were excerpts from plaintiff's shareholder's handbook, which refers to deck alterations as "large scale" projects and states that shareholders "must get permission from the board before beginning any exterior alterations and additions, including but not limited to: room/deck additions . . . [or] new decks."  Indeed, it was within plaintiff's scope of authority (via its board) to approve such renovations pursuant to its proprietary lease and shareholder's handbook since plaintiff's board has an obligation "to promote the health, happiness, and peace of mind of the majority of the unit owners" (Hidden Ridge At Kutsher's Country Club Homeowner's Assn. v Chasin, 289 AD2d at 654 [internal

quotation marks and citation omitted]), and the record demonstrates that plaintiff's community values uniformity and that plaintiff's legal action is in furtherance of that goal (see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d at 538; Martino v Board of Mgrs. of Heron Pointe on Beach Condominium, 6 AD3d 505, 506 [2004]).  There is no dispute that defendant extended her deck by approximately three feet without first obtaining the requisite approval from plaintiff and then refused plaintiff's request to remove the offending portion of her deck.

As plaintiff established its entitlement to summary judgment, the burden then shifted to defendant to submit evidence in admissible form showing the existence of any material issue of fact (see Forest Hills Gardens Corp. v Evan, 12 AD3d 563, 564 [2004]; see generally O'Brien v Couch, 124 AD3d 975, 976 [2015]). This defendant failed to do.  Although defendant argued that plaintiff was not entitled to rely on the business judgment rule because it has treated her unfairly, she has failed to demonstrate that plaintiff has pursued this action in bad faith, and it is undisputed that plaintiff failed to remove the deck extension after a formal request was made for its removal. Defendant has also failed to offer any evidence of plaintiff's ulterior motivation for instituting legal action against her or evidence that plaintiff has failed to take adverse action against other shareholders in similar circumstances (see Bregman v 111 Tenants Corp., 97 AD3d 75, 83-84 [2012]; Louis & Anne Abrons Found. v 29 E. 64th St. Corp., 297 AD2d 258, 260-261 [2002]; Board of Mgrs. of Manhattan Val. Townhouses v Murovich, 273 AD2d 11, 11 [2000]; Cooper v 6 W. 20th St. Tenants Corp., 258 AD2d 362, 362 [1999]).  Accordingly, plaintiff's cross motion for summary judgment with respect to its cause of action for a declaratory judgment and the issuance of a permanent injunction should have been granted.

As to that part of plaintiff's cross motion seeking dismissal of defendant's counterclaims, we find that the counterclaims fail to state a cause of action, are not supported by the record and should have been dismissed.  In deciding "a motion to dismiss a claim for failure to state a cause of action, the court must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the

plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory" (Bailey v Chernoff, 45 AD3d 1113, 1116 [2007] [internal quotation marks and citations omitted]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Haire v Bonelli, 57 AD3d 1354, 1356 [2008]).  Initially, defendant's counterclaim for discrimination alleges that plaintiff's enforcement of its bylaws is inconsistent, including enforcing rules with respect to construction projects, and the purpose of this inconsistent enforcement is to discriminate against defendant.  To succeed on an unlawful discrimination claim, defendant must first be a member of a class protected by statute that affords her protection (see Singh v State of N.Y. Off. of Real Prop. Servs., 40 AD3d 1354, 1356 [2007]; Di Mascio v General Elec. Co., 27 AD3d 854, 855 [2006]).  Since defendant has wholly failed to demonstrate what protected status or statute provides her relief from plaintiff's alleged "inconsistent enforcement" of its bylaws, defendant's discrimination counterclaim should have been dismissed.[1]

Defendant's counterclaim alleging intentional infliction of emotional distress also fails to state a cause of action.  To support such a claim, a party is "required to plead extreme and outrageous conduct, the intentional or reckless nature of such conduct, a causal relationship between the conduct and the resulting injury, and severe emotional distress" (Hyman v Schwartz, 127 AD3d 1281, 1283 [2015] [internal quotation marks and citations omitted]; see Howell v New York Post Co., 81 NY2d 115, 121 [1993]).  It is well settled that "the alleged conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and be utterly intolerable in a civilized community'" (Hyman v Schwartz, 127

---

[1]  In her brief, defendant contends, for the first time, that she "is being discriminated against on the basis that she is a divorced Russian woman whose boyfriend stays with her on the weekends even though they are not married."  Although the record reflects that defendant is Russian, there is no indication in the record that she has been discriminated against based on her national origin.

AD3d at 1284, quoting Murphy v American Home Prods. Corp., 58 NY2d 293, 303 [1983] [internal brackets and ellipsis omitted]). Here, defendant merely alleges that "[m]embers of the b]oard have engaged in an intentional, orchestrated campaign against [her] to insult, demean, threaten and otherwise injure her . . . [and this] has resulted in emotional injury." She points to her deposition testimony in which she stated that members of the board told her that they were going to have the building inspector give her a fine every day for her violation and that she would "be ruined financially" and "will [have to] spend thousands and thousands of dollars to pay the fines until [she] cut[s] the deck off." Defendant further stated that, "some people at [the board] meeting . . . screamed and yelled at [her] and . . . shook their hands over [her] head." Even assuming the veracity of defendant's testimony, these allegations do not rise to the level of being "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency" (Hyman v Schwartz, 127 AD3d at 1284; see Murphy v American Home Prods. Corp., 58 NY2d at 303; Associates First Capital v Crabill, 51 AD3d 1186, 1188-1189 [2008], lv denied 11 NY3d 702 [2008]).

We reach a similar conclusion with regard to defendant's final counterclaim alleging defamation. "The elements of a cause of action for defamation are a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se" (Tattoos By Design, Inc. v Kowalski, 136 AD3d 1406, 1407 [2016] [internal quotation marks and citation omitted], amended 138 AD3d 1515 [2016]; see Roche v Claverack Coop. Ins. Co., 59 AD3d 914, 916 [2009]). Defendant claims that plaintiff, at a shareholders meeting, "broadcast false statements about [her] . . . calling her immoral, saying that she was out to 'destroy the fabric of the universe,' . . . [and] 'destroy everyone's summer,' and that she was a '700 pound gorilla.'" These alleged defamatory statements are insufficient to state a cause of action as they are opinions and not facts (see Rosner v Amazon.com, 132 AD3d 835, 837 [2015], lv denied 26 NY3d 917 [2016]), and our inquiry distills to whether a reasonable reader would believe whether the statements were conveying facts about defendant (see Gentile v Grand St. Med. Assoc., 79 AD3d 1351, 1353 [2010]). It is evident

that the alleged statements were "intended to be invective expressed in the form of heavy-handed and nonsensical humor" (Wahrendorf v City of Oswego, 72 AD3d 1604, 1605 [2010] [internal quotation marks and citations omitted]).  To the extent that defendant is attempting to allege special harm, the alleged statements do not signal that defendant committed a serious crime, and she does not allege that the statements relate to a matter of significance and importance in her profession (see Gentile v Grand St. Med. Assoc., 79 AD3d at 1354).

Finally, with regard to plaintiff's request for counsel fees, we note that each litigant is generally presumed responsible for his or her own counsel fees, unless an award is authorized by an agreement or a statute (see Matter of Kaczor v Kaczor, 101 AD3d 1403, 1404 [2012]; Dupuis v 424 E. 77th Owners Corp., 32 AD3d 720, 722 [2006]).  Generally, proprietary lease agreements containing a provision for counsel fees are enforceable where a cooperative board or landlord has prevailed in an action or proceeding (see Matter of Cohan v Board of Directors of 700 Shore Rd. Waters Edge, Inc., 108 AD3d 697, 700 [2013]).  Here, paragraph 48 of plaintiff's proprietary lease states, in part: "If the Lessee shall at any time be in default hereunder and the Lessor shall incur any expense . . . in instituting any action or proceeding based on such default, or defending, or asserting a counterclaim . . . [against the Lessee] the expense thereof to the Lessor, including reasonable attorney's fees and disbursements, shall be paid by the Lessee to the Lessor on demand, as additional rent."  Plaintiff commenced this action only after defendant refused to remove the offending portion of the deck and after defendant was afforded an opportunity to avoid litigation.  We find that plaintiff, as the prevailing party, is entitled to recover counsel fees from defendant (see Matter of Cohan v Board of Directors of 700 Shore Rd. Waters Edge, Inc., 108 AD3d at 700; Huron Assoc., LLC v 210 E. 86th St. Corp., 18 AD3d 231, 232 [2005]; see generally Estate of Del Terzo v 33 Fifth Ave. Owners Corp., 136 AD3d 486, 489-490 [2016]).

Garry, J.P., Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the order is reversed, on the law, with costs, defendant's motion denied, plaintiff's cross motion granted, summary judgment awarded to plaintiff, defendant's counterclaims dismissed and matter remitted to the Supreme Court for a determination of plaintiff's counsel fees.

ENTER:

Robert D. Mayberger
Clerk of the Court