■ JOHN ST. DENIS, Appellant, v QUEENSBURY BAYBRIDGE HOMEOWNERS ASSOCIATION, INC., Respondent. [54 NYS3d 214]—

Aarons, J. Appeal from an order of the County Court of Warren County (Hall Jr., J.), entered August 23, 2016, which denied plaintiff's motion for summary judgment.

Plaintiff owns real property in the Town of Queensbury, Warren County and is a member of defendant, a not-for-profit corporation that is governed by its bylaws and a Restated Dec-

laration of Covenants, Restrictions, Easements, Charge and Liens (hereinafter declaration). Plaintiff commenced this action alleging two causes of action to the effect that certain actions taken by defendant's Board of Directors (hereinafter the Board) violated the bylaws and declaration. Following joinder of issue, plaintiff moved for summary judgment. Supreme Court denied the motion. Plaintiff appeals.

As we noted in a prior unrelated appeal involving these parties, an individual member may challenge the actions of a homeowners association taken allegedly in contravention of its governing documents (*Matter of St. Denis v Queensbury Baybridge Homeowners Assn., Inc.*, 100 AD3d 1326, 1327 [2012]). In the absence of claims of fraud, self-dealing, unconscionability or other misconduct, judicial review is limited to whether such actions were "authorized and . . . taken in good faith and in furtherance of the legitimate interests of the corporation" (*Bluff Point Townhouse Owners Assn., Inc. v Kapsokefalos*, 129 AD3d 1267, 1268 [2015] [internal quotation marks and citation omitted], *lv denied* 26 NY3d 910 [2015]; *see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 542 [1990]; *Goodnow Flow Assn. Inc. v Graves*, 135 AD3d 1228, 1230 [2016]; *Levine v Greene*, 57 AD3d 627, 628 [2008]).

With respect to its first cause of action, plaintiff alleges that, in the absence of member approval, defendant lacked the authority to spend $56,637 from a capital savings account to repair a building roof. Here, the declaration provides that the Board is responsible for the care of, among other things, the roofs of buildings, and the bylaws permit the Board to employ any necessary independent contractors "to assist with the proper functioning of [defendant]." The Board's secretary submitted an affidavit wherein she stated that she presented the Board with a five-year savings plan to address roof repairs, and that this plan involved the creation of a capital savings account. After a discussion at a January 2015 Board meeting, the Board unanimously approved the creation of a capital savings account to pay for capital projects. This account was funded by transferring $44,000 from a regular reserve account and $14,000 from an operating account, for a total of $58,000. In July 2015, the Board voted to repair a roof on one of the buildings and to use funds from the capital savings account to pay for such repairs. In August 2015, the Board notified its members that, after soliciting bids from contractors, it would be replacing a roof on a building and that the $56,637 cost of the replacement would be paid from the capital savings account.

In view of defendant's bylaws and declaration, the Board's minutes and the secretary's affidavit reflecting that the creation, funding and use of monies from the capital savings account to pay for the roof repair stemmed from a discussion and subsequent vote by the Board, we find that the record is devoid of any proof demonstrating that the Board's decision to spend $56,637 from the capital savings account for the roof repair was contrary to defendant's governing documents or taken in bad faith (*see Matter of Seligson v Board of Mgrs. of the 25 Charles St. Condominium*, 138 AD3d 432, 432-433 [2016]; *Hidden Ridge At Kutsher's Country Club Homeowner's Assn. v Chasin*, 289 AD2d 652, 653 [2001]). To that end, in light of the absence of any triable issue of fact and inasmuch as we are empowered to search the record and award summary judgment to a nonmoving or nonappealing party (*see* CPLR 3212 [b]; *Matter of Shambo*, 138 AD3d 1215, 1216 [2016]), we grant summary judgment to defendant on plaintiff's first cause of action.

With respect to the second cause of action, plaintiff claims that in each year between 2011 and 2015, the Board exceeded the member-authorized spending for certain budgeted line-item expenditures. While the Board notes that 2015 was the only year in which defendant exceeded its overall budget, plaintiff's grievance is not directed to the overall spending in a given year. Rather, plaintiff challenges the Board's overspending with respect to specific line items in each annual budget. The documentary evidence demonstrates, and defendant does not dispute, that certain line-item expenditures exceeded what was originally budgeted for such line items. This mere fact of overspending, however, does not mean that the Board acted in bad faith or against the legitimate interests of defendant (*see generally 40 W. 67th St. v Pullman*, 100 NY2d 147, 155 [2003]). Nor does plaintiff cite to any provision in the declaration or bylaws requiring that the Board seek membership approval if it will exceed the budget for any specific line item. Plaintiff therefore failed to satisfy his moving burden with respect to his second cause of action. Inasmuch as the record evidence does not reflect the Board's process or reasons leading to the alleged overspending for a particular line item, summary resolution as to plaintiff's second cause of action is not appropriate at this time.

Peters, P.J., McCarthy, Egan Jr. and Mulvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by granting summary judgment to defendant with respect to plaintiff's first cause of action, and, as so modified, affirmed.