Beco v Ritter (2021 NY Slip Op 00223)





Beco v Ritter


2021 NY Slip Op 00223


Decided on January 14, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

531761

[*1]Karina Beco et al., Respondents,
v
Steven Ritter, Defendant, and Douglas Ritter, Appellant.

Calendar Date: December 16, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Douglas Ritter, Lisle, appellant pro se.
Legal Services of Central New York, Binghamton (George B. Haddad of counsel), for respondents.



Egan, Jr., J.
Appeal from an order of the Supreme Court (Tait, J.), entered June 18, 2020 in Broome County, which granted plaintiffs' motion for summary judgment.
Defendant Douglas Ritter (hereinafter defendant) is the landlord and owner of several rental properties in Broome County, and plaintiffs are defendant's tenants. In June 2019, defendant sent a notice to plaintiffs providing that, as of August 1, 2019, their monthly rental rates would be increased to $1,000 per month unless plaintiffs paid their rent by the first of each month, upon which they would be entitled to a rental "discount" equal to the difference between their original monthly rental rate and their new $1,000 monthly rental rate. Plaintiffs' attorney subsequently sent defendant a letter informing him that his notice of proposed rental increases and corresponding "discounts" constituted an illegal late fee in violation of Real Property Law § 238-a and requested that he withdraw same. In reply, defendant sent plaintiffs an amended notice, slightly reducing each of their newly proposed monthly rental rates and further providing that they would be entitled to a $375 "discount" if they paid their rent, in full, by the seventeenth of each month. Plaintiffs' attorney objected to defendant's amended notice on the same ground; however, defendant refused to withdraw same.
Plaintiffs [FN1] thereafter commenced this action seeking a judgment (1) declaring that defendant's proposed rental payment schedule was illegal and unenforceable as it constituted an illegal late fee in violation Real Property Law § 238-a and RPAPL 702 and (2) enjoining defendant from enforcing same. Following joinder of issue, plaintiffs moved for summary judgment dismissing the complaint, which motion defendant opposed. Supreme Court granted plaintiffs' motion, finding that defendant's rental payment schedule constituted an unenforceable late fee. Defendant appeals.
We affirm. As the moving parties, it was plaintiffs' burden to establish their entitlement to summary judgment as a matter of law by presenting sufficient evidence to demonstrate the absence of a triable issue of fact (see CPLR 3212 [b]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Loch Sheldrake Beach & Tennis Inc. v Akulich, 141 AD3d 809, 812 [2016], lv dismissed 28 NY3d 1104 [2016]). To that end, Real Property Law § 238-a (2) provides that "[n]o landlord . . . may demand any payment, fee, or charge for the late payment of rent unless the payment of rent has not been made within five days of the date it was due, and such payment, fee, or charge shall not exceed [$50] or five percent of the monthly rent, whichever is less." RPAPL 702 provides that, "[i]n a proceeding relating to a residential dwelling . . ., the term 'rent' shall mean the monthly or weekly amount charged in consideration for the use and occupation of a dwelling pursuant to a written or oral rental agreement" and that "[n]o fees, charges or penalties other than rent may be sought in a [*2]summary proceeding pursuant to [RPAPL article 7]."
In support of their motion for summary judgment, plaintiffs submitted, among other things, copies of defendant's notice and amended notice, as well as their own affidavits. According to plaintiffs, prior to defendant's rent increase, plaintiff Karina Beco's monthly rent payment was $575 and plaintiff Dominique Williams' monthly rent payment was $500. Following receipt of defendant's amended notice, Beco's rent payment was increased to $950 and Williams' rent payment was increased to $875, with both being eligible for a $375 discount if they paid their rent by the seventeenth of the month. As Supreme Court keenly recognized, however, such a "discounted" rental payment schedule is no different than if defendant charged plaintiffs a flat $375 late fee each time they failed to pay their rent in a timely manner. Given the foregoing, plaintiffs met their prima facie burden of establishing that this discounted rental payment schedule was, in actuality, an unenforceable late fee that not only exceeded the applicable statutory limit, but was grossly disproportionate to any damages that could be sustained based upon plaintiffs' failure to pay the rent on time (see Real Property Law § 238-a [2]; Diversified Equities, LLC v Russell, 50 Misc 3d 140[A], 2016 NY Slip Op 50177[U] [App Term 2016]) and imposed a penalty that may not be sought in a summary proceeding (see RPAPL 702).
Although we are sympathetic to the statutory and administrative costs of doing business as a landlord, defendant may not avoid the late fee limits imposed by Real Property Law § 238-a by labeling an otherwise impermissible late fee as a two-tiered rent payment schedule. His conclusory assertion that such a schedule did not equate to a late fee was insufficient to establish a triable issue of fact and, accordingly, we conclude that Supreme Court appropriately granted plaintiffs' motion for summary judgment.
Garry, P.J., Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Originally there were four plaintiffs in this action but a stipulation of discontinuance was filed whereby the parties agreed to remove two named plaintiffs, leaving only plaintiff Karina Beco and plaintiff Dominique Williams.