■ RAYMOND SHAPIRO et al., Appellants, v ROCKVILLE COUNTRY CLUB, INC., et al., Respondents, et al., Defendant. [802 NYS2d 717]—

In a shareholder's derivative action, inter alia, to recover damages for breach of fiduciary duty and waste of corporate assets, the plaintiffs appeal from (1) a judgment of the Supreme Court, Nassau County (Austin, J.), dated May 19, 2004, which, upon the denial of their motion for partial summary judgment, and upon the granting of the cross motion of the defendants Rockville Country Club, Inc., and its board of directors, and the granting of the separate cross motion of the defendant Rockville Links Corporation for summary judgment dismissing the second amended complaint, is in favor of the defendants and against them, dismissing the second amended complaint, and (2) an order of the same court dated June 21, 2004, which granted the motion of the defendant Rockville Country Club, Inc., for leave to renew its prior motion to compel the plaintiffs to post a bond, and upon renewal, required the plaintiffs to post a bond in the sum of $50,000.

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is reversed, on the law, and the motion for leave to renew is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants.

Rockville Country Club, Inc. (hereinafter RCC), is the owner of approximately 105 acres of land located in Rockville Centre, Long Island, which is improved with an 18-hole golf course and a clubhouse. On January 25, 1959, RCC entered into a written lease agreement with Rockville Links Corporation (hereinafter Links), which required Links to assume the operation and maintenance of the private golf club. The plaintiffs, collectively owning seven or eight shares of RCC stock, commenced this shareholder's derivative action against the defendants RCC, the individuals comprising RCC's board of directors (hereinafter the directors), and Links, alleging causes of action to recover damages for breach of fiduciary duty and waste of corporate assets. The plaintiffs also sought to recover damages from Links alleging that it aided and abetted the directors' breach of fiduciary duty and wasting of corporate assets. The plaintiffs further sought judicial dissolution of RCC, and alleged a violation of the Security Takeover Disclosure Act (Business Corporation Law art 16).

In reviewing the reasonableness of the directors' actions, "absent claims of fraud, self-dealing, unconscionability or other misconduct, the court should apply the business judgment rule and should limit its inquiry to whether the action was authorized and whether it was taken in good faith and in furtherance, of the legitimate interests" of RCC (*Gillman v Pebble Cove Home Owners Assn.*, 154 AD2d 508, 508-509 [1989]; *see Auerbach v Bennett*, 47 NY2d 619, 629 [1979]; *see also Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538 [1990]; *Sirianni v Rafaloff*, 284 AD2d 447, 448 [2001]). Further, directors are liable for all forms of waste of assets regardless of whether they were intentional or negligent (*see Rapoport v Schneider*, 29 NY2d 396, 402-403 [1972]; *Aronoff v Albanese*, 85 AD2d 3, 5 [1982]). While the determination of whether or not there is a waste of corporate assets is largely a question of fact (*see Aronoff v Albanese, supra* at 6), here, in support of their separate cross motions for summary judgment, RCC and the directors, and Links, made a prima facie showing that the decisions made by the directors were made in good faith and in furtherance of the legitimate interests of RCC (*see LoRusso v Brookside Homeowner's Assn., Inc.*, 17 AD3d 323 [2005], *lv denied* 5 NY3d 783 [2005]; *Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1, 9-11 [1987]). In opposition, the plaintiffs failed to raise a triable issue of fact regarding the reasonableness of the directors' exercise of authority (*see LoRusso v Brookside Homeowner's Assn., supra; Freer v Mayer*,

223 AD2d 667, 668 [1996]). Thus, the Supreme Court properly granted the separate cross motions for summary judgment dismissing the second amended complaint.

Contrary to the plaintiffs' assertion, the directors were not "interested" in any of the challenged transactions, as they did not receive a direct financial benefit different from the benefit received by the shareholders generally (*see* Business Corporation Law § 713 [a]; *see generally Marx v Akers*, 88 NY2d 189, 202 [1996]; *Rapoport v Schneider, supra* at 402-403). Rather, the reduced Links membership dues received by the directors was offered to all shareholders of RCC and members of Links. Indeed, that same benefit was available and provided to those plaintiffs who were previously members of Links and would be available to them if they chose to become members of Links.

In addition, the Supreme Court properly denied the plaintiffs' motion for partial summary judgment to compel dissolution of RCC, as they failed to make a prima facie showing that the "dominant stockholders or directors have been 'looting' the corporation's assets and impairing the corporation's capital or maintaining the corporation for their own special benefit, thereby enriching themselves at the expense of the minority stockholders" (*Kruger v Gerth*, 22 AD2d 916, 917 [1964], *affd* 16 NY2d 802 [1965]; *see Matter of Nelkin v H.J.R. Realty Corp.*, 25 NY2d 543 [1969]; *Matter of Breiterman v Chemical Bank*, 181 AD2d 675 [1992]; *Matter of Sternberg [Osman]*, 181 AD2d 897, 897-898 [1992]).

However, under the circumstances of this case, the Supreme Court should not have granted RCC's motion for leave to renew its prior motion to require the plaintiffs to post a bond pursuant to Business Corporation Law § 627. That statute provides that unless the plaintiffs in a shareholders' derivative action have an ownership interest in at least five percent of any class of the corporation's outstanding shares, or in shares with a fair market value of at least $50,000, the corporation "shall be entitled at any stage of the proceedings *before final judgment* to require the . . . plaintiffs to give security for the reasonable expenses, including attorney's fees, which may be incurred by it in connection with such action" (emphasis added). Here, the action terminated in RCC's favor by judgment dated May 19, 2004, and the Supreme Court granted RCC's motion for leave to renew and required the plaintiffs to give security in a post judgment order dated June 21, 2004. Although a corporation may move to require the plaintiffs to post security at any stage during the pendency of the action (*see Roach v Franchises Intl.*, 32 AD2d 247 [1969]), the statutory language indicates that the corpora-

tion's entitlement to security for the reasonable expenses incurred in the action terminates with the entry of a final judgment.

Since the instant action affects the "possession, use or enjoyment" of a leasehold in real property (CPLR 507), venue was properly transferred from New York County to Nassau County, the county where the property is located (*see* CPLR 507; *Spellman Food Servs. v Partrick*, 90 AD2d 791 [1982]; *Winston v Krinsky*, 30 AD2d 524 [1968]). Florio, J.P., Krausman, Luciano and Lifson, JJ., concur.