■ In the Matter of DAVID WENGER, Appellant, v L.A. WENGER CONTRACTING CO., INC., et al., Respondents. (Proceeding No. 1.) In the Matter DAVID WENGER, Appellant, v RAILROAD REALTY GROUP, INC., et al., Respondents. (Proceeding No. 2.) [979 NYS2d 692]—

In two related proceedings pursuant to Business Corporation Law § 1104-a to dissolve five closely-held corporations, the petitioner appeals from so much of a judgment of the Supreme Court, Suffolk County (Pines, J.), dated October 24, 2011, as, upon a decision of the same court dated December 14, 2010, made after a nonjury trial, failed to award him a percentage of certain corporate funds.

Ordered that the judgment is modified, on the facts, by adding thereto a provision awarding the petitioner the sum of $232,500, constituting 31% of a settlement award received by L.A. Wenger Contracting Co, Inc., in the sum of $750,000; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioner commenced these judicial dissolution proceedings, alleging that he was a 31% shareholder of five closely-held corporations, and that Louis Wenger (hereinafter Louis), a respondent in proceeding Nos. 1 and 2 and the 69% shareholder of the corporations, was guilty of oppressive actions towards him and had looted, wasted, or diverted corporate assets for non-corporate purposes. After a nonjury trial, the Supreme Court found that the petitioner was a 31% shareholder of each of the corporations, and that he had demonstrated that Louis engaged in "oppressive conduct" toward him (Business Corporations Law § 1104-a).

In lieu of dissolution, the Supreme Court determined that the appropriate remedy was to appoint a receiver to segregate the assets of the five corporations in accordance with the parties' ownership interests, with certain monetary adjustments being made in favor of the petitioner, based upon the diversion of certain corporate assets by Louis. However, the Supreme Court rejected the petitioner's claims that he was entitled to certain additional monetary adjustments representing his 31% interest in other allegedly diverted or wasted corporate assets. Specifically, the petitioner claimed that L.A. Wenger Contracting, Co., Inc., a respondent in proceeding No. 1 (hereinafter LA Wenger), received a settlement award in the amount of $750,000, which Louis had diverted. Further, the petitioner alleged that Louis breached his fiduciary duty to the petitioner by failing to settle,

prior to the rendering of a verdict, an action commenced against LA Wenger by Affiance Electric Corporation (hereinafter Affiance), and that the petitioner was therefore entitled to 31% of the funds ultimately paid to Affiance in connection with that action.

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

With respect to the $750,000 settlement award, the petitioner established, through Louis's testimony, that those funds had been received by LA Wenger. Nonetheless, they were not reflected on that corporation's tax returns, and the petitioner did not receive a distribution of those funds. Louis testified, in a conclusory manner, that the funds were used to pay "debt" and "lawyers." Louis did not offer any documentation of any corporate debt or attorney's fees paid with the settlement proceeds, nor did he offer any detail in his testimony as to these alleged corporate debts or attorney's fees. Louis's deposition testimony, a transcript of which was admitted as an exhibit at trial, indicated that a portion of the settlement proceeds was used to pay a debt that Louis admitted at trial was personal. Under these circumstances, the Supreme Court erred in crediting Louis's assertion that the settlement proceeds were properly used to pay corporate debts and not diverted for personal use. Thus, in accordance with its chosen remedy, the Supreme Court should have awarded a further monetary adjustment to the petitioner, representing his 31% interest in these diverted funds, or $232,500.

As to the petitioner's claim regarding Louis's failure to settle the Affiance action prior to verdict, "[t]he business judgment rule 'bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes' " (*Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d 659, 660-661 [2013], quoting *Auerbach v Bennett*, 47 NY2d 619, 629 [1979]). Here, there is no evidence that Louis's decision not to settle the Affiance action prior to the rendering of verdict was committed in bad faith, or without exercising his "honest judgment in the lawful and legitimate furtherance of corporate purposes" (*Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d at 661 [internal quotation marks omitted]; *see North Fork Preserve, Inc. v Kap-*

*lan*, 68 AD3d 732, 733 [2009]; *Pugliese v Mondello*, 57 AD3d 637, 639 [2008]; *Shapiro v Rockville Country Club, Inc.*, 22 AD3d 657, 658 [2005]). Thus, the Supreme Court properly rejected the petitioner's claim that he was entitled to a share of the funds paid by LA Wenger to Alliance.

We note that the petitioner also argues on appeal that he is entitled to a 31% share of corporate funds in excess of $400,000, allegedly received by Louis from 2001 through 2007, without like distributions having been made to the petitioner. The Supreme Court declined to make such a monetary adjustment because it found that these claimed funds were offset by corporate funds received by the petitioner, or a corporation that he owned, as loans, which were never repaid, and by the petitioner's failure to pay certain rent due from him to one of the subject corporations. Since the petitioner has failed to include in his appendix the trial testimony or any exhibits relevant to these offsets, we do not consider this argument (*see Patel v Patel*, 270 AD2d 241 [2000]; *see also* CPLR 5528 [a]; 22 NYCRR 670.9 [b]).

Accordingly, we modify the judgment by adding thereto a provision awarding the petitioner the sum of $232,500, constituting 31% of the settlement proceeds received by LA Wenger in the amount of $750,000. Skelos, J.P., Dillon, Hall and Roman, JJ., concur.