Witty v Wallace (2019 NY Slip Op 07316)





Witty v Wallace


2019 NY Slip Op 07316


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2018-08846
 (Index No. 25191/13)

[*1]Starr Witty, etc., appellant,
v
Martin R. Wallace, et al., respondents.


Law Offices of Daniel A. Zahn, P.C., Holbrook, NY, for appellant.
Glynn Mercep & Purcell, LLP, Stony Brook, NY (A. Craig Purcell and Scott B. MacLagan of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for corporate waste, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Elizabeth Hazlitt Emerson, J.), dated May 2, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff and the defendant Judith Wallace are each 50% owners of 1650 Fifth Avenue Corp., Inc. (hereinafter the corporation), which owns a commercial building that it leases to JPMorgan Chase Bank (hereinafter the tenant) pursuant to a triple-net lease. In 2010, the tenant was granted a lease extension, which included a rent reduction. The plaintiff thereafter commenced this action, individually and on behalf of all shareholders of the corporation, alleging, inter alia, that the lease extension constituted corporate waste. The defendants moved for summary judgment dismissing the complaint. By order dated May 2, 2018, the motion was granted. The plaintiff appeals.
"Pursuant to the business judgment rule, absent evidence of bad faith, fraud, self-dealing, or other misconduct, the courts must respect business judgments" (Pugliese v Mondello, 57 AD3d 637, 639; see Auerbach v Bennett, 47 NY2d 619, 630). "A business decision is not subject to review under the business judgment rule if it is authorized, made in good faith, and in furtherance of the business's legitimate interests" (Pugliese v Mondello, 57 AD3d at 639).
Here, contrary to the plaintiff's contentions, the defendants demonstrated, prima facie, that the decision to enter into the lease extension with the tenant was made in good faith, and in furtherance of the corporation's legitimate interests (see id.; Shapiro v Rockville Country Club, Inc., 22 AD3d 657, 658). The plaintiff's speculative assertions in opposition were insufficient to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court