Busher v Barry (2021 NY Slip Op 03141)





Busher v Barry


2021 NY Slip Op 03141


Decided on May 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 18, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 655987/20 Appeal No. 13863 Case No. 2021-00525 

[*1]Meredith Busher et al., Plaintiffs-Appellants,
v
Desmond T. Barry, Jr., et al., Defendants-Respondents, Winged Foot Holding Corporation, Defendant.


Lovell Stewart Halebian Jacobson LLP, New York (John Halebian of counsel), for appellants.
Debevoise & Plimpton LLP, New York (Maeve L. O'Connor of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schechter, J.), entered February 9, 2021, which granted defendants' motion to change venue to Westchester County, and denied plaintiffs' cross motion to retain venue in New York County, unanimously affirmed, without costs.
Plaintiffs assert a single cause of action, for common-law dissolution of nominal defendant Winged Foot Holding Corporation (the Corporation). The Corporation's sole asset and function throughout its existence has been to own a golf course and improvements leased to defendant Winged Foot Golf Club, Inc. If plaintiffs are successful, the property will be sold and the net proceeds distributed to the Corporation's shareholders. Accordingly, defendants have met their burden, under CPLR 511(b), of showing that Westchester County, the locus of the property, is the "prescribed" venue pursuant to CPLR 507 (see CPLR 503[a]), thereby warranting transfer from New York County (see Shapiro v Rockville Country Club, Inc., 22 AD3d 657, 657-658, 660 [2d Dept 2005], lv denied 6 NY3d 705 [2006]; Metropolitan N.Y. Synod of the Evangelical Lutheran Church in Am. v ICS Found., Inc., 2019 NY Slip Op 52077[U], *2 [Sup Ct, NY County 2019]).
Plaintiffs have failed to meet their burden on their cross motion under CPLR 510(3) of showing that the convenience of the material witnesses would be better served by retaining venue in New York County (see Cardona v Aggressive Heating., 180 AD2d 572, 572 [1st Dept 1992]; Pitegoff v Lucia, 97 AD2d 896, 896 [3d Dept 1983]). The overriding factor advanced by plaintiffs was the need to minimize travel during the Covid-19 pandemic. Among other considerations, however, 8 of plaintiffs' 10 nonparty witnesses resided out of state. Under these circumstances, plaintiffs fail to identify any material advantage afforded by venue in New York County over Westchester County, where the two courthouses are some 30 miles apart and similarly situated vis-À-vis modes of interstate transport. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2021