Mehra v Morrison Cohen LLP (2022 NY Slip Op 01396)





Mehra v Morrison Cohen LLP


2022 NY Slip Op 01396


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Renwick, J.P., Moulton, Rodriguez, Pitt, JJ. 


Index No. 159868/19 Appeal No. 15435-15435A Case No. 2020-04340 2021-04271 

[*1]Sanjiv Mehra et al., Plaintiffs-Appellants,
v
Morrison Cohen LLP et al., Defendants-Respondents. 


Smith Villazor LLP, New York (Patrick J. Smith and Brian T. Burns of counsel), for appellants.
Lewis Brisbois Bisgaard & Smith LLP, New York (Peter T. Shapiro of counsel), for respondents.



Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered October 19, 2020, dismissing the complaint, and appeal therefrom bringing up for review an order, same court and Justice, entered on or about October 2, 2020, to the extent it granted defendants' motion to dismiss plaintiffs' breach of fiduciary duty claim arising out of defendants' purported actions in 2019, and order, same court (Robert R. Reed, J.), entered November 10, 2021, to the extent it denied plaintiffs' motion for leave to renew defendants' motion to dismiss, unanimously reversed, on the law, without costs, the judgment vacated, plaintiffs' motion to renew granted, and defendants' motion to dismiss denied.
Plaintiffs' allegations  that defendants represented plaintiffs in connection with drafting certain corporate documents for EOS Investor Holding Company LLC, and later, in 2019, took actions to assist nonparty Jonathan Teller in ousting plaintiff Sanjiv Mehra from his position and distribution sharing in EOS Holding  state a claim against defendants for breach of fiduciary duty (see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 10 [1st Dept 2008]; Kurman v Schnapp, 73 AD3d 435, 436 [1st Dept 2010]).
The court granted defendants' motion to dismiss, in pertinent part, based on defendants' argument raised for the first time in their reply to their motion to dismiss, that EOS Holding's operating agreement contained a provision wherein plaintiffs purportedly waived any past, present, and future conflicts of interest. Plaintiffs moved for leave to renew and reargue, claiming that the issue of the waiver provision was improperly raised for the first time in reply, and in substance was contradicted by another section of the operating agreement that provides, among other things, that no one other than the members can enforce any provision of the operating agreement against any member.
The motion to renew should have been granted. Plaintiffs' claim that the waiver issue was improperly raised in defendants' reply provides a reasonable justification for granting the renewal motion (see Dookhie v Woo, 180 AD3d 459, 465 [1st Dept 2020]). Upon renewal, defendants' motion should be denied with respect to plaintiffs' breach of fiduciary duty claim arising from defendants' alleged actions in 2019. Dismissal is warranted only where documentary evidence "conclusively establishes a defense to the
asserted claims as a matter of law" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Mill Fin., LLC v Gillett, 122 AD3d 98, 103 [1st Dept 2014]). Given the conflicting and ambiguous language in the competing sections of the operating agreement, the documentary evidence does not conclusively establish a defense to the action.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022