Bacharach v Board of Mgrs. of the Brooks-Van Horn Condominium (2024 NY Slip Op 01502)

Bacharach v Board of Mgrs. of the Brooks-Van Horn Condominium

2024 NY Slip Op 01502

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Kern, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Index No. 650906/22 Appeal No. 1890 Case No. 2023-02054 

[*1]Samuel Bacharach et al., Respondents,
v
Board of Managers of the Brooks-Van Horn Condominium, Appellant, Alex Rubin et al., Defendants.

Boyd Richards Parker Colonnelli P.L., New York (Nicholas P. Iannuzzi of counsel), for appellant.
Bergstein Flynn Knowlton & Pollina PLLC, New York (Lee Bergstein of counsel), for respondents.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about October 14, 2022, which, to the extent appealable and as limited by the briefs, denied defendant Board of Managers of the Brooks-Van Horn Condominium's motion to dismiss the complaint as against it, unanimously affirmed, without costs.
Plaintiffs, owners of unit 3D in the Brooks-Van Horn Condominium, commenced this action against the board and the owners of unit 4D, asserting causes of action for breach of the condominium declaration, by-laws and rules and regulations against the board, private nuisance against the owners of unit 4D, and injunctive relief against all defendants. According to plaintiffs, the owners of unit 4D installed new flooring without the board's prior approval and without sufficient soundproofing and carpeting. As a result, plaintiffs were subjected to substantial and unbearable noise in their apartment. Although plaintiffs repeatedly, over the course of several years, requested that the board inspect unit 4D for non-compliance and take action to enforce the building rules, the board breached its obligation to do so, the issue was never resolved and plaintiffs moved out of their home.
The board argued that enforcement of the building rules was within its sole discretion. It relied on section 2.6(A) of the bylaws, which allows the board to take any act within its power that it "deem[s] necessary or desirable" to perform; section 9.2(A), which gives the Board the right "to enjoin, abate, or remedy the continuance or repetition of any . . . violation or breach by appropriate proceedings;" and section 9.3, which states that remedies provided for in the governing documents "may be exercised at one time or at different times, concurrently or in any order, in the sole discretion of the Board."
However, the court properly determined that the bylaws were ambiguous as to whether the board had the discretion to refrain from acting on plaintiffs' complaints of a violation of the building's governing documents. Although section 9.3 does not direct the board to employ a specific remedy upon receiving complaints, when read together with other sections of the bylaws, it does not imply that the board can take no action at all when read together with other sections of the bylaws. For example, section 2.4(A) provides that "[t]he board shall have all of the powers and duties necessary for, or incidental to, the administration of the affairs of the Condominium" and one of the powers and duties of the board is "to enforce by legal means the terms, covenants and conditions contained in" the governing documents. Section 1 of the rules provides that a unit owner "shall [not] make or permit any disturbing noises in the building." Moreover, section 5.6(A) of the bylaws prohibits "any use or practice . . . that either is a source of annoyance to its residents or interferes with the quiet and peaceful possession . . . of the Property by its residents or occupants." As such[*2], the ambiguous or conflicting provisions in the governing documents are fatal to the board's CPLR 3211(a)(1) motion (see Mehra v Morrison Cohen LLP, 203 AD3d 438, 439 [1st Dept 2022]).
The court also correctly denied the board's motion to dismiss based on the business judgment rule (see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 540 [1990]; Ackerman v 305 E. 40th Owners Corp., 189 AD2d 665, 667 [1st Dept 1993]). The alleged multiyear gap between plaintiffs' first complaint and the board's first action in response to the complaints suggests that the board may not have acted in good faith, at least from April 2017 until June 2019, and all reasonable inferences on a CPLR 3211 motion must be resolved in favor of the nonmoving party (see Doe v Bloomberg, L.P., 178 AD3d 44, 47 [1st Dept 2019], affd 36 NY3d 450 [2021]).
To the extent the board purports to appeal from so much of the order that denied its motion to dismiss plaintiffs' claim for injunctive relief as against it, the issue remains pending and undecided because the court did not rule on that branch of the board's motion (see Wells Fargo Bank, N.A. v Biderman, 221 AD3d 557, 558 [1st Dept 2023]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024