**People v VDARE Found., Inc.**

2026 NY Slip Op 31040(U)

March 17, 2026

Supreme Court, New York County

Docket Number: Index No. 452397/2025

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

PRESENT:  **HON. SABRINA KRAUS**                        PART                          57M

*Justice*

-------------------------------------------------------------------------------X

PEOPLE OF THE STATE OF NEW YORK, by LETITIA
JAMES, ATTORNEY GENERAL OF THE STATE OF NEW
YORK,

|  |  |
|---|---|
| INDEX NO. | 452397/2025 |
| MOTION DATE | 12/18/2025 |
| MOTION SEQ. NO. | 002 |

Plaintiff,

- v -

VDARE FOUNDATION, INC., PETER BRIMELOW, and
LYDIA BRIMELOW

**DECISION + ORDER ON
MOTION**

Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 1, 17, 19, 20, 22, 23, 25, 28

were read on this motion to/for                          DISMISSAL                          .

## BACKGROUND

The Office of the Attorney General ("OAG") commenced this action against VDARE

Foundation, Inc. ("VDARE"), Peter Brimelow and Lydia Brimelow seeking, *inter alia*, a

permanent injunction, restitution, and judicial dissolution of VDARE for the defendants' alleged

violations of: the Not-for-Profit Corporations Law ("N-PCL"); Estates, Powers and Trusts Law

("EPTL"); and Executive Law.

### ALLEGED FACTS AND RELEVANT PROCEDURAL HISTORY

The factual allegations of this case are referenced in the Court's March 5, 2026, decision

and order and will not be repeated here (*see* NYSCEF Doc No. 25 [*denying VDARE's motion to

dismiss pursuant to CPLR § 3211(a)(7)*]).

[* 1]

## PENDING MOTION

On February 27, 2026, Peter and Lydia Brimelow (collectively, "Defendants") moved to dismiss the first, second, third, fourth, seventh, eighth and ninth causes of action as against them pursuant to CPLR § 3211(a)(7) (NYSCEF Doc No. 19 [mot. seq. 002]).

The motion was marked submitted on March 16, 2026, and the Court reserved decision.

The Court denies the motion in its entirety for the reasons set forth below.

## DISCUSSION

A court will dismiss a claim when the movant demonstrates that "the pleading fails to state a cause of action" (CPLR § 3211(a)(7)). Courts "give the complaint a liberal construction, accept the allegations as true and provide [the nonmovant] with the benefit of every favorable inference" (*Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc.*, 30 NY3d 572, 582 [2017]). Courts do not weigh "[w]hether a plaintiff can ultimately establish its allegations" as part of the calculus in determining a motion to dismiss (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). A court "merely examines the adequacy of the pleadings," unlike a motion for summary judgment in which the court "searches the record and assesses the sufficiency of the parties' evidence" (*Davis v Boeheim*, 24 NY3d 262, 268 [2014]).

### *The Court Denies the Motion to Dismiss the First and Second Causes of Action*

Defendants make no argument in support of the dismissal of the first and second causes of action as against them for breach of fiduciary duty and breach of EPTL § 8-1.4 as Defendants only adopt the arguments made by VDARE in support of its own motion to dismiss which do not include dismissal of these causes of action (*see* NYSCEF Doc No. 20; *see also* NYSCEF Doc No. 17, at 1 [VDARE memorandum in support]).

Regarding the first cause of action for breach of fiduciary duty, N-PCL § 717 provides:

452397/2025   PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY
GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC. ET AL
Motion No.  002

Page 2 of 12

2 of 12

[* 2]

(a) Directors, officers and key persons shall discharge the duties of their respective positions in good faith and with the care an ordinarily prudent person in a like position would exercise under similar circumstances . . . .

N-PCL § 720 provides:

(a) An action may be brought against one or more directors, officers, or key persons of a corporation to procure a judgment for the following relief:

(1) To compel the defendant to account for his official conduct in the following cases:

(A) The neglect of, or failure to perform, or other violation of his duties in the management and disposition of corporate assets committed to his charge.

(B) The acquisition by himself, transfer to others, loss or waste of corporate assets due to any neglect of, or failure to perform, or other violation of his duties.

N-PCL § 720(b) authorizes the Attorney General to bring an action pursuant to subsection (a).

The Complaint adequately pleads violations of N-PCL §§ 717 and 720 as the Brimelows allegedly used VDARE's funds for their own personal benefit by transferring VDARE's funds to BBB, Lydia Brimelow's for-profit corporation, and by purchasing the Castle with VDARE's funds for use as their own personal residency (*e.g.* NYSCEF Doc No. 1 ¶¶ 105–07, 109). The Complaint also alleges that several transactions constituted a waste of VDARE's corporate assets as Lydia Brimelow may have overbid on the Castle (*see id.* ¶¶ 70–79) and she may also have overpaid for business advice provided to VDARE from her father (*see id.* ¶¶ 84–86). The Court thus denies the motion to dismiss the first cause of action as the Court must afford the allegations in the Complaint with "the benefit of every favorable inference" (*Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc.*, 30 NY3d 572, 582 [2017]).

Regarding the second cause of action, EPTL § 8-1.4 provides, in relevant part:

(a) For the purposes of this section, "trustee" means (1) any individual, group of individuals, executor, trustee, corporation or other legal entity holding and administering property for charitable purposes, whether pursuant to any will, trust, other instrument or agreement, court appointment, or otherwise pursuant to law,

452397/2025   PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC. ET AL   Motion No. 002

Page 3 of 12

3 of 12

over which the attorney general has enforcement or supervisory powers, (2) any non-profit corporation organized under the laws of this state for charitable purposes[.]

* * *

(d) Every trustee shall file with the attorney general, within six months after any property held by him or her or any income therefrom is required to be applied to charitable purposes, a copy of the instrument providing for his or her title, powers and duties; provided, however, that any trustee currently registered with the department of law pursuant to article 7-A of the executive law shall be deemed to have complied with this paragraph. If any property held by a trustee or any income therefrom is required to be applied to charitable purposes at the time this section becomes effective, the filing shall be made within six months thereafter.

The Attorney General may bring an action under EPTL § 8-1.4(m) to ensure the "proper administration of any trust, corporation or other relationship to which this section applies" (*id.* § 8-1.4(m)). The purpose of this provision is "to prevent the misapplication of property held for an exempt purpose" (*In re North Manursing Wildlife Sanctuary, Inc.*, 48 NY2d 135, 142 [1979]).

The Complaint adequately alleges that Peter and Lydia Brimelow, as directors of VDARE, failed to file the appropriate reports with the Attorney General documenting VDARE's transactions with which they may have personally had a financial interest (*see e.g.* NYSCEF Doc No. 1 ¶¶ 155–58). The Complaint also alleges that Peter and Lydia Brimelow misappropriated VDARE's property that was intended to be administered for charitable purposes by using the Castle as a personal residence, among other misuses.

The Court accords no weight to the Defendants' novel argument, raised for the first time in reply, that the second cause of action is duplicative of the first as consideration of an argument in support of dismissal pursuant to CPLR § 3211 raised for the first time in reply is improper and grounds for granting a subsequent motion for renewal (*see Dookhie v Woo*, 180 AD3d 459, 464–65 [1st Dept 2020] ["It should be noted that [Defendants'] argument was raised for the first time

452397/2025  PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC. ET AL Motion No.  002

Page 4 of 12

4 of 12

[* 4]

in reply, and for that reason should not have been considered, let alone credited"]; *see also*

*Mehra v Morrison Cohen LLP*, 203 AD3d 438, 438–39 [1st Dept 2022]).

The Court thus denies Defendants' motion to dismiss the second cause of action.

### *The Court Denies the Motion to Dismiss the Third Cause of Action*

Neither VDARE nor the Defendants made an argument for dismissal of the third cause of

action as against the Defendants for wrongful related party transactions in their moving papers.

N-PCL § 102(a)(23) defines a "related party" as:

(i) any director, officer or key person of the corporation or any affiliate of the corporation; (ii) any relative of any individual described in clause (i) of this subparagraph; or (iii) any entity in which any individual described in clauses (i) and (ii) of this subparagraph has a thirty-five percent or greater ownership or beneficial interest or, in the case of a partnership or professional corporation, a direct or indirect ownership interest in excess of five percent.

N-PCL § 102(a)(24) defines a "related party transaction" as:

any transaction, agreement or any other arrangement in which a related party has a financial interest and in which the corporation or any affiliate of the corporation is a participant, except that a transaction shall not be a related party transaction if: (i) the transaction or the related party's financial interest in the transaction is de minimis, (ii) the transaction would not customarily be reviewed by the board or boards of similar organizations in the ordinary course of business and is available to others on the same or similar terms, or (iii) the transaction constitutes a benefit provided to a related party solely as a member of a class of the beneficiaries that the corporation intends to benefit as part of the accomplishment of its mission which benefit is available to all similarly situated members of the same class on the same terms.

N-PCL § 715(a) contains the general prohibition on related party transactions among not-for-

profit organizations, and N-PCL § 112(a)(10), N-PCL § 715(f) and EPTL § 8-1.9 all authorize

the Attorney General to maintain an action to void, enjoin or rescind a related party transaction.

The Complaint contains ample allegations that the Brimelows, acting on behalf of

VDARE, entered into transactions with persons or business entities with which the Brimelows or

their relatives had financial interests without the approval of VDARE's board.

452397/2025  PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY
GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC. ET AL
Motion No.  002

Page 5 of 12

5 of 12

[* 5]

To the extent that Defendants might have incorporated VDARE's argument in support of the dismissal of fifth cause of action as against VDARE for violations of the same statutory provisions—which Defendants did not explicitly state in their Affirmation in Support (*see* NYSCEF Doc No. 20)—the Court readdresses such arguments anyway.

VDARE argued that N-PCL § 715(f) requires that a related party must receive a "direct" financial benefit to fall under the statute's proscription (NYSCEF Doc No. 17, at 5–6). However, the plain language of the statute negates this argument because it provides that a related party having "a financial *interest*" to the transaction—not receiving a direct financial benefit from the transaction—engages in a related party transaction (N-PCL § 102(a)(24) [emphasis added]).

VDARE's reliance on *Shapiro v Rockville Country Club, Inc.* was also misplaced as the issue in that case was not about whether the related party directly benefited from a corporate transaction but whether such benefit was equally available to the shareholders of a for-profit corporation governed by the Business Corporation Law rather than the N-PCL (*see* 22 AD3d 657, 659 [2d Dept 2005], citing Business Corporation Law § 713(a)).

Equally unavailing was VDARE's argument that the statute requires a showing of "fault" to hold a key person of a corporation liable for a related party transaction (NYSCEF Doc No. 17, 8–9). Assuming VDARE used the word "fault" in reference to a culpable mental state (*e.g.*, negligence, recklessness or knowledge), the statute lacks this language, and VDARE otherwise cited no controlling legal authority holding that such a transaction requires one of these mental states (*see* N-PCL § 102(a)(24) ["any transaction in which a related party has a financial interest and in which the corporation or any affiliate of the corporation is a participant"]).

The Court accords no weight to the Defendants' novel argument, raised for the first time in reply, that the third cause of action is duplicative of the first, as consideration of an argument

452397/2025   PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY          Page 6 of 12
GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC. ET AL
Motion No.  002

6 of 12

in support of dismissal pursuant to CPLR § 3211 raised for the first time in reply is improper and grounds for granting a subsequent motion for renewal (*see Dookhie v Woo*, 180 AD3d 459, 464–65 [1st Dept 2020] ["It should be noted that [Defendants'] argument was raised for the first time in reply, and for that reason should not have been considered, let alone credited"]; *see also Mehra v Morrison Cohen LLP*, 203 AD3d 438, 438–39 [1st Dept 2022]).

Accordingly, the Court denies Defendants' motion to dismiss the third cause of action.

### *The Court Denies the Motion to Dismiss the Fourth Cause of Action*

Neither VDARE nor Defendants made an argument for the dismissal of the fourth cause of action as against the Defendants for loans issued in violation of N-PCL § 716.

N-PCL § 716 provides:

> No loans, other than through the purchase of bonds, debentures, or similar obligations of the type customarily sold in public offerings, or through ordinary deposit of funds in a bank, shall be made by a corporation to its directors, officers or key persons, or to any other corporation, firm, association or other entity in which one or more of its directors, officers or key persons are directors, officers or key persons or hold a substantial financial interest, except a loan by one charitable corporation to another charitable corporation. A loan made in violation of this section shall be a violation of the duty to the corporation of the directors or officers authorizing it or participating in it, but the obligation of the borrower with respect to the loan shall not be affected thereby.

The Complaint alleges that VDARE loaned BBB, a for-profit corporation incorporated by Lydia Brimelow and owned by VDARE, over $250,000.00 and that BBB never provided VDARE security for the loan nor paid back any of the loan (NYSCEF Doc No. 1 ¶ 93, 109–10). The Complaint also alleges that VDARE, through Lydia Brimelow, assigned this property interest to MSF, a West Virginia corporation at which her father worked, after which BBB began making payments to MSF (*id.* ¶¶ 115–16). These allegations are adequate to support the cause of action under N-PCL § 716.

452397/2025   PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC. ET AL
Motion No.  002

Page 7 of 12

7 of 12

The Court accords no weight to the Defendants' novel argument, raised for the first time in reply, that the fourth cause of action is duplicative of the first, as consideration of an argument in support of dismissal pursuant to CPLR § 3211 raised for the first time in reply is improper and grounds for granting a subsequent motion for renewal (*see Dookhie v Woo*, 180 AD3d 459, 464–65 [1st Dept 2020] ["It should be noted that [Defendants'] argument was raised for the first time in reply, and for that reason should not have been considered, let alone credited"]; *see also Mehra v Morrison Cohen LLP*, 203 AD3d 438, 438–39 [1st Dept 2022]).

The Court thus denies Defendants' motion to dismiss the fourth cause of action.

### The Court Denies the Motion to Dismiss the Seventh and Eighth Causes of Action

Executive Law § 172 provides:

> 1. Every charitable organization, and any charitable organization registered or required to be registered pursuant to article eight of the estates, powers and trusts law, except as otherwise provided in section one hundred seventy-two-a of this article, which intends to solicit contributions from persons in this state or from any governmental agency shall, prior to any solicitation, file with the attorney general a prescribed registration form[.]

Executive Law § 172-b(1)–(3) lists the reports that an organization is required to file based on the organization's approximate gross revenue. Executive Law § 172-b(5) provides that the Attorney General "shall cancel the registration of any organization" that fails to comply with the prior sections.

The Complaint alleges that VDARE failed to timely file the appropriate reports with the Charities Bureau for fiscal years 2019, 2020, and 2021 (NYSCEF Doc No. 1 ¶¶ 155–56). The Complaint also alleges that the filing for fiscal year 2021 contained material misrepresentations by simultaneously stating that VDARE did not receive more than $25,000.00 from New York residents while also disclosing that it collected between $25,000.00 and $99,000.00 in New York for that year (*id.* ¶ 159). Further, the Complaint alleges that the OAG advised VDARE in August

452397/2025   PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY
GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC. ET AL
Motion No.  002

Page 8 of 12

[* 8]

2024 that its 2021 filing was deficient and its 2022 and 2023 filings were delinquent but that Lydia Brimelow nevertheless solicited donations on behalf of VDARE as late as July 2025 (*id.* ¶¶ 151–55).

The Court accords no weight to the Defendants' novel argument, raised for the first time in reply, that the seventh cause of action should be dismissed as against Peter Brimelow, as consideration of an argument in support of dismissal pursuant to CPLR § 3211 raised for the first time in reply is improper and grounds for granting a subsequent motion for renewal (*see Dookhie v Woo*, 180 AD3d 459, 464–65 [1st Dept 2020] ["It should be noted that [Defendants'] argument was raised for the first time in reply, and for that reason should not have been considered, let alone credited"]; *see also Mehra v Morrison Cohen LLP*, 203 AD3d 438, 438–39 [1st Dept 2022]).

The Court thus denies the motion to dismiss the seventh and eighth causes of action for illegal solicitation of donations and for false or deficient filings as the Complaint contains allegations sufficient to plead causes of action under the Executive Law.

### *The Court Denies the Motion to Dismiss the Ninth Cause of Action*

VDARE made the argument, which Defendants incorporate here, that the Complaint fails to state a claim as to the ninth cause of action because the Complaint does not allege that BBB represented at least 80% of VDARE's assets such that the sale of BBB to MSF constituted substantially all of VDARE's assets.

N-PCL § 510 provides:

> (a) A sale, lease, exchange or other disposition of all, or substantially all, the assets of a corporation may be made upon such terms and conditions and for such consideration, which may consist in whole or in part of cash or other property, real or personal, including shares, bonds or other securities of any other domestic or foreign corporation or corporations of any kind, as may be authorized in accordance with the following procedure:

**452397/2025  PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC. ET AL Motion No.  002**                                                            **Page 9 of 12**

9 of 12

* * *

(3) If the corporation is, or would be if formed under this chapter, classified as a charitable corporation under section 201 (Purposes) such sale, lease, exchange or other disposition shall in addition require approval of the attorney general or the supreme court in the judicial district or of the county court of the county in which the corporation has its office or principal place of carrying out the purposes for which it was formed in accordance with section 511 (Petition for court approval) or section 511-a (Petition for attorney general approval) of this article.

The purpose of this provision is "to protect the beneficiaries of a charitable organization from loss through unwise bargains and from perversion of the use of the property" (*Rose Ocko Found., Inc. v Lebovits*, 259 AD2d 685, 688 [2d Dept 1999] [internal quotations omitted]).

The Complaint first alleges that VDARE's public disclosures regarding whether it listed BBB as an asset were "inconsistent" (NYSCEF Doc No. 1 ¶ 124). It then alleges that MSF's $400,000 offer for the purchase of BBB represented "far more than half" of VDARE's reasonably estimated assets and that VDARE did not get approval from the Attorney General or the Supreme Court before the sale (*id.* ¶¶ 125–26). The Complaint finally alleges that MSF purchased VDARE's ownership interests in BBB, which presumes that VDARE owned interests in BBB (*id.* ¶128). Such amounts could have constituted "substantially all" of VDARE's assets as the Court is required to give the nonmovant "the benefit of every favorable inference" on a motion to dismiss (*Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc.*, 30 NY3d 572, 582 [2017]).

The Court notes that the Complaint also alleges that VDARE conveyed the Castle property to BCF and BBB for inadequate consideration, and these transactions could have also represented substantially all of VDARE's assets (NYSCEF Doc No. 1 ¶ 96–97).

VDARE cited no controlling legal authority in support of its argument that the OAG was required to plead that the sale constituted 80% or more of VDARE's assets to support a claim

452397/2025  PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY          Page 10 of 12
GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC. ET AL
Motion No.  002

10 of 12

[* 10]

under N-PCL § 510(a). Equally unavailing was VDARE's argument in reply that the OAG failed to plead two of the three elements enumerated by *Rose Ocko Found., Inc. v Lebovits* as the purported "elements" in that case were not requirements to plead a cause of action under § 510(a) but simply aspects of the Second Department's reasoning in coming to its decision (259 AD2d 685, 688 [2d Dept 1999]).

The Court accords no weight to the Defendants' novel argument, raised for the first time in reply, that the ninth cause of action should be dismissed as N-PCL § 510 does not impose liability against individual defendants, as consideration of an argument in support of dismissal pursuant to CPLR § 3211 raised for the first time in reply is improper and grounds for granting a subsequent motion for renewal (*see Dookhie v Woo*, 180 AD3d 459, 464–65 [1st Dept 2020] ["It should be noted that [Defendants'] argument was raised for the first time in reply, and for that reason should not have been considered, let alone credited"]; *see also Mehra v Morrison Cohen LLP*, 203 AD3d 438, 438–39 [1st Dept 2022]).

Accordingly, the Court denies Defendants' motion to dismiss the ninth cause of action.

## CONCLUSION

Accordingly, it is hereby:

ORDERED that the motion of Peter Brimelow and Lydia Brimelow (mot. seq. 002) is denied in its entirety; and it is further

ORDERED that Peter Brimelow and Lydia Brimelow serve Plaintiff with an Answer to the Complaint within ten (10) days after service notice of entry; and it is further

ORDERED that, within twenty (20) days from entry of this order, Plaintiff shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119, New York, NY 10007); and it is further

452397/2025   PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY
GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC. ET AL
Motion No.  002

Page 11 of 12

11 of 12

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED that the parties appear for a virtual preliminary conference via MS Teams on April 14, 2026, at 12 pm.

This constitutes the decision and order of this Court.

20260317125401SBKRAUSFC0B381DB93C409BB5709B65F9C088E5

| 3/17/2026 | | SABRINA KRAUS, J.S.C. |
|---|---|---|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

452397/2025   PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. VDARE FOUNDATION, INC. ET AL
Motion No.  002

Page 12 of 12